UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED REEVES,

        Plaintiff,

v.

SANDRA MONROE, *et al.*,

        Defendants.

_____/

Case No. 2:05-CV-169

Hon. Richard Alan Enslen

**ORDER**

        This matter is before the Court on Plaintiff Fred Reeves' Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of February 15, 2006 ("Report"), which recommended that Plaintiff's request for a temporary restraining order and preliminary injunction be denied. This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

        Plaintiff requests that the Court enjoin Defendant Sandra Monroe from denying him medical care and provide him a transfer to a different Michigan Department of Corrections facility. As the Report correctly notes, issuing a preliminary injunction resides within the Court's discretion. *Planned Parenthood Assoc. v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). When exercising such discretion, the Court should consider the following interrelated criteria:

    1)    Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
    2)    Whether the plaintiffs have shown irreparable injury;
    3)    Whether the issuance of a preliminary injunction would cause substantial harm to others; and
    4)    Whether the public interest would be served by issuing a preliminary injunction.

*N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).  Plaintiff begins with the initial burden of demonstrating entitlement to injunctive relief by showing a strong or substantial likelihood of success on the merits of his underlying claim.  *Id.* at 167.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, and alleged, *inter alia*, that Defendant Monroe deprived him medical care in contravention of the Eight Amendment to the United States Constitution.  After considering Plaintiff's request for injunctive relief, the Report found that Plainiff could not demonstrate a strong or substantial likelihood of success on the merits of his claim.  The Report also found that Plaintiff failed to establish that he will suffer an irreparable harm or that the disruptive impact injunctive relief would visit on prison administration weighs in his favor.  Finally, the Report found that the public interest would not be served by granting Plaintiff injunctive relief.

Plaintiff's Objections only assert that he has shown a strong or substantial likelihood of probability of success on the merits, ignoring the remaining criteria for injunctive relief.  Even if Plaintiff were able to meet his initial burden of demonstrating probable success on the merits, the remaining factors decidedly tip against issuing injunctive relief.  The Report could be sustained on that ground alone.  Nevertheless, the Court has reviewed Plaintiff's Objections and determined that he has not shown a strong or substantial likelihood of probability of success on the merits.

Plaintiff's Objections cite to the physical exam notes completed by Richard E. Miller, P.A. on February 9, 2006.  Miller's exam notes indicate that Plaintiff gets emotionally upset with certain staff and there are drastic conflicts between Plaintiff and some of the healthcare staff.  Miller's exam notes do not demonstrate that Defendant Monroe is denying Plaintiff medical care, or even that the inmate-staff conflict involves Defendant Monroe.  Consequently, Plaintiff's Objections on this

ground will be denied because he has not shown a strong or substantial likelihood that Defendant Monroe is denying him medical care.

As for Plaintiff's transfer request, Plaintiff cites to medical records which show that Plaintiff suffers from angina and high blood pressure. The medical records reflect that Plaintiff should take steps to reduce the stress levels in his environment. The medical records do not, however, demonstrate that Plaintiff must be transferred to another facility to reduce his stress levels, or even that a transfer would have such an effect. Furthermore, it is likely that Plaintiff's own behavior has exacerbated his stress levels and would continue regardless of where he is housed.[1] Plaintiff's Objections on this ground will be denied because he has not shown a strong or substantial likelihood that a transfer is necessary.[2]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Fred Reeves' Objections (Dkt. No. 45) are **DENIED**, the Report and Recommendation (Dkt. No. 33) is **ADOPTED**, and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 2) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
April 7, 2006  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff reported to MDOC psychologist Paul A. Eyke, M.S., that he scratches himself until he bleeds because of nerves and was involved in other conflicts with the facility's librarian and other inmates.

[2] Furthermore, Plaintiff has no right to be housed in a particular correctional facility. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238 (1983).