UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED REEVES,  Case No. 2:05-cv-169

    Plaintiff,  Hon. Richard Alan Enslen

v.

SANDRA MONROE, *et al.*,

    Defendants.  /  **OPINION**

    This matter is before the Court on Plaintiff Fred Reeves' Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation ("Report") of August 8, 2006. The Report recommended that Defendants' Motion to Dismiss be granted, in part, with regard to Defendants Bauman, Dahlstrom, and Ferguson for failure to exhaust administrative remedies and also recommended Plaintiff's Motion to Compel and Second Motion to Amend his Complaint be denied.[1] This Court now reviews the Report, the Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1).

    This Court will not revisit the factual background in this Opinion as it is accurately and thoroughly set forth in Magistrate Judge Greeley's fourteen page Report.

    Plaintiff's first objection to the Report is to the recommendation that he did not exhaust his administrative remedies with regard to Defendants Bauman, Dahlstrom, and Ferguson. Plaintiff claims the administrative remedies were exhausted as to Dahlstrom and Ferguson. He further contends that because Defendant Bauman is named as a defendant but not mentioned in any of the

---

[1] Plaintiff does not object to the Report's recommendation denying Defendants' Motion to Revoke Pauper Status.

claims, Defendant Bauman should be dismissed for failure to state a claim rather than failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [MDOC] grievance process,"*Burton v. Jones,* 321F.3d 569, 574 (6th Cir. 2003), and the content of the grievances must have been adequate. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006), *citing Curry v. Scott*, 249 F.3d 493, 504-505 (6th Cir. 2001). Plaintiff meets the first requirement as Defendant Dahlstrom is mentioned by name in Plaintiff's Step I grievance filed on June 14, 2005.[2] However, Plaintiff does not meet the requirement that the content of the grievance be adequate. The Sixth Circuit Court has explained

> In describing the alleged mistreatment or misconduct...we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against the defendant in prisoner's complaint.

*Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). Here, Plaintiff accused Defendant Dahlstrom in his Step I grievance of telling Plaintiff "health care was notified." (Pl.'s Ex. 9). Plaintiff did not allege that Defendant Dahlstrom did not notify health care, rather to the contrary, Plaintiff alleges his reason for appealing to Step III was that the logbooks would show "officers called health care." (*Id.*). Therefore, Plaintiff only mentioned Dahlstrom in a grievance and alleged that he called health

---

[2]Dahlstrom is not mentioned by name in the Step II or III grievances.

care in response to Plaintiff's wishes. Consequently, this Court cannot find that the administrative remedies have been exhausted against Defendant Dahlstrom because although Plaintiff named Defendant Dahlstrom in his Step I grievance, Plaintiff did not did allege any misconduct or misdeed committed by Defendant Dahlstrom that would give rise to the any of the claims Plaintiff has alleged in this lawsuit.

In regards to Defendant Ferguson being dismissed for failure to exhaust administrative remedies, this Court finds that Plaintiff did exhaust his administrative remedies against Defendant Ferguson. In Plaintiff's Step I grievance filed on October 21, 2005, Plaintiff names Defendant Ferguson as one of the officers who assaulted him at Defendant Monroe's direction. (Pl.'s Ex. 13). The Step I grievance was originally denied because the reviewer found more than one issue was present. The Step II grievance response, however, makes clear that the Step I and II grievances were reviewed after Plaintiff succinctly stated his issue for the grievance as "being assaulted and denied health care..." (*Id.*). The Step II grievance was denied due to lack of documentation or information to support the claims alleged. Plaintiff then properly file a Step III grievance which was denied in November 2005. Therefore, it is clear from the record that Plaintiff completed the grievance procedure, named the Defendant in his Step I grievance, and also alleged enough facts in Step I to put prison officials on notice of the alleged mistreatment (a beating). *Burton*, 321 F.3d at 575. Accordingly, this Court finds that Plaintiff did exhaust his administrative remedies against Defendant Ferguson.[3]

---

[3] However, the Court notes that Defendant Ferguson has yet to be identified and his summons was returned as unserved. (Dkt. No. 51).

This Court agrees with Plaintiff that Defendant Bauman should be more accurately dismissed from the case for failure to state a claim upon which relief can be granted rather than failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), "In the event that a claim is, on its face frivolous, malicious, [or] fails to state a claim upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997(e)(c)(2). The Court finds after a review of the record that although Defendant Bauman is listed as a defendant, there are no claims against her by Plaintiff. Therefore, Defendant Bauman should be dismissed for Plaintiff's failure to state a claim.

Plaintiff's second objection is to the recommendation that Plaintiff's Second Motion to Amend be denied. Plaintiff argues his reason for not seeking to add the new claims and new parties[4] in his first amended Complaint is because at the date of his first Motion to Amend the Pleadings, the administrative remedies had not yet been exhausted. Plaintiff argues because he could not have added these claims to his first Motion to Amend without them being dismissed for failure to exhaust, justice requires that they now be added.

Plaintiff's explanation does not sway this Court. It is true that leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, a court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

---

[4]Plaintiff seeks to add new claims against Region #1 Health Care Administrator Terry Malloy, Corrections Officer Steve Adams, Sergeant Belusar, Sergeant Keith Castello, Assistant Resident Unit Supervisor Denise Gerth, Assistant Resident Unit Manager Tim Bott and Unknown Parties John Doe #5 and John Doe #6.

The Report found that Defendants have already filed numerous pleadings in reliance upon Plaintiff's original and amended Complaint including motions to dismiss and to revoke pauper status. This Court looks to the Sixth Circuit's opinion in *Lyle v. Jackson*, 49 Fed. Appx. 492 (6th Cir. 2002), where the Sixth Circuit held plaintiff's "numerous motions to amend" were correctly denied because

> prejudice to the original defendants would have resulted by allowing these amendments to add new claims against new defendants, as it would have prolonged the proceedings without any prospect of ever resolving all of [plaintiff's] complaints. [Plaintiff] was not prejudiced, as he could file separate complaints raising his new claims.

49 Fed. Appx. at 493. Here, like in *Lyle*, this Court finds that Defendants will be prejudiced by allowing Plaintiff to amend his pleadings for a second time at this late stage in the litigation after dispositive motions have been argued and ruled on. Further, this Court finds that Plaintiff will not be prejudiced by denial of his motion because he can file a separate complaint raising these new claims and new defendants. For these reasons, this Court agrees with the Report that Plaintiff's Second Motion to Amend be denied.[5]

---

[5] This Court notes that the PLRA requires a prisoner to exhaust his administrative remedies before filing suit and, therefore, he "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), *citing Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998); *see also Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Plaintiff did exhaust his administrative remedies as to the original Defendants in the action. He had not, however, exhausted his administrative remedies in regards to the new defendants he seeks to add until after filing the suit in federal court.

In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit upheld a district court's decision to allow claims to go forward that had not been administratively exhausted until after the filing of the suit. *Curry*, 249 F.3d 493. The Sixth Circuit held it was crucial that the administrative remedies were exhausted prior to the filing of the amended complaint, and the plaintiffs had proffered documentation confirming the exhaustion. *Curry*, 249 F.3d at 502. Here, Plaintiff seeks to add claims that were not administratively exhausted until well after the first amendment to the Complaint. Further, the Sixth Circuit also thought it important that all

Therefore, this Court finds that Plaintiff's Objections to the Report and Recommendation are granted in part and denied in part.

A Partial Judgment consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:        /s/Richard Alan Enslen
September 19, 2006        Richard Alan Enslen
      Senior United States District Judge

---

those claims occurred before or around the time that the PLRA was enacted. *Id*. This raised issues of fairness regarding what a prisoner should or could have known about his duty to exhaust available administrative remedies. *Id*. In the present case, this is not an issue because none of Plaintiff's claims arose prior or near the passage of the PLRA.