UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED REEVES,

        Plaintiff,

                                      Case No. 2:05-cv-169
v.                                      HON. RICHARD ALAN ENSLEN

SANDRA MONROE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Fred Reeves filed this civil rights action pursuant to 42 U.S.C. § 1983 against several Michigan Department of Corrections employees working at Alger Maximum Correctional Facility. Plaintiff alleges that defendants are denying him access to adequate medical care. Plaintiff has filed a motion for a preliminary injunction and a temporary restraining order asserting a refusal by prison staff to provide plaintiff access to medication and a failure to make accommodations for plaintiff's health conditions. Plaintiff seeks a transfer to another facility. I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that plaintiff's request for a temporary restraining order be denied.

        The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

>    1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
>    2.  Whether the movant has shown irreparable injury.
>
>    3.  Whether the preliminary injunction could harm third parties.
>
>    4.  Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff's allegations are speculative and based on future conduct of prison employees. Plaintiff makes allegations in his motion against Dr. Engelsjerd. However, Dr. Engelsjerd is not a party to this case. Moreover, plaintiff's assertion

that he will be denied future medical accommodations is speculative and not supported by the record. Plaintiff's claim that he will be wrongfully exposed to chemical agents is also not supported by the record. The Special Accommodation Notice included with plaintiff's affidavit as Exhibit 11 shows that the failure to remove plaintiff from his cell prior to the use of chemical agents would be in violation of prison regulations. Plaintiff's request for an immediate transfer to a different prison is without merit. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order (Docket #181) be denied.

<u>NOTICE TO PARTIES</u>: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal

of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
     TIMOTHY P. GREELEY
     UNITED STATES MAGISTRATE JUDGE

Dated:   April 12, 2007